FRANK M. MURPHY, III
Attorney at Law, Bar # 51216
2482 Greyling Drive
San Diego, CA 92123-3907
Phone:  858-277-3207
FAX:    858-277-3207
E-mail:  fmlaw@san.rr.com

Attorney for Defendant
ADOLFO JONATHAN TORRES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>           Plaintiff,   )<br>  )<br>v.   )<br>  )<br>ADOLFO JONATHAN TORRES,   )<br>  )<br>           Defendant.)<br>_____) | Case No. 08cr0304-W<br><br>**STATEMENT OF FACTS**<br>**AND**<br>**POINTS AND AUTHORITIES**<br><br>Date:  4/1/08<br>Time:  2:00 p.m.<br>Court: Judge WHELAN |

**STATEMENT OF FACTS**

This case is related to at least two other cases, specifically, United States of America v. Richard FIGUEROA-Moreno, Daniel FIGUEROA-Moreno, and Maria Eufelia CORONA-Cordova, 08cr0270-H, and United States of America v. Horaldo FLORES, 08cr0358-WQH.

On January 3, 2008 the government filed a complaint in this court charging Daniel FIGUEROA-Moreno, Ricardo FIGUEROA-Moreno,

and Maria Eufelia CORONA-Cordorva (08mj8001/08cr207-H) with possession of 3,833,39 pounds of marijuana with the intent to distribute.  According to information available to counsel, Daniel FIGUEROA –Moreno tendered a guilty plea to Magistrate Judge Lewis on February 26, 2008 with sentencing scheduled for April 21, 2008 before Judge Huff.  The plea agreement in that case provides for the dismissal of the cases against Tichard FIGUEROA-Moreno and Maria Eufelia CORONA-Cordova.

On January 10, 2008 the government filed a complaint in this court against Adolfo Jonathan TORRES (the instant matter), alleging the possession with intent to distribute of 3, 833.79 pounds of marijuana.

On January 11, 2008 the government filed a complaint in this court (08mj8018/08cr358-WQH) alleging that Horaldo FLORES possessed with intent to distribute, 3,833.79 pounds of marijuana.

It is apparent that all three cases involve the same marijuana and the same persons.

**POINTS AND AUTHORITIES**

1.  **STATEMENT OF DEFFENDANT.** Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(A)and (B)*, *Brady v. Maryland,* 373 U.S. 383 (1963) and the *Fifth* and *Sixth Amendments* to the *United States Constitution*, defendant requests diclosure of any

statements, whether oral, written, or recorded made by him which are in the possession, custody, or control of the government, or which by the exercise of due diligence may become known to the government, regardless of to whom made. A defendant has the right to inspect any copy written or recorded statements made by him to government agents or within the custody or control of the government.  This rule has been extended to permit discovery or a written summary of the defendant's oral statement contained the handwritten notes of the government agent.  *United States v. Johnson*, 525 F.2d 999 (2nd Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1976; *Loux v. United States*, 389 F.2d 911 (9th Cir. 1968).

    2.   **DEFENDANT'S CRIMINAL RECORD**.  Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(D)*, defendant requests disclosure of his criminal record.

    3.   **DOCUMENTS, TANGIBLE OBJECT, REPORTS**.  Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(E)* defendant requests the opportunity to inspect and copy or photograph all books, papers, documents, data, photographs, and tangible objects buildings or places which are enumerated in subsections (i), (ii) and (iii).

    4.   **REPORTS OF EXAMINATIONS AND TESTS**.  Defendant also requests any and all results and reports of scientific tests or

experiments conducted by the government pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(F).*

5.  **EXPERT WITNESSES**.  Pursuant to *Federal Rule of Criminal Procedure 16(a)(1)(G)* defendant requests disclosure of a written summary of testimony the government intends to use under *Federal Rules of Evidence 702, 703, or 705.*

6.  **NOTICE OF GOVERNMENT'S INTENT TO USE EVIDENCE**.  *Federal Rule of Criminal Procedure 12(b)(4)(B)* provides in pertinent part:

> "At the arraignment or as soon thereafter as practicable the defendant may, in order to have an opportunity to move to suppress under Rule 12 (b)(3)(C), request notice of the government's intention to use (in its evidence-in-chief at trial) any evidence which the defendant may be entitled to discover under Rule 16."

The purpose of this rule is to avoid needless motions by the defense to suppress evidence that is not going to be used at trial.  The Rule places a burden on the government to review its case and let the defendant know what evidence the government is going to use.  In this way, the Rule seeks to "eliminate from the trial disputes over police conduct not immediately relevant

to the question of guilt." *Jones v. United States*, 362 U.S. 257, 264 (1960).

7.   **RULE 404(b) EVIDENCE**.  Defendant requests the government be ordered to provide discovery and reasonable notice of evidence of other crimes, wrongs, or acts of the defendant that the government contends may be proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Defendant must have access to such evidence in order to be able to make a timely motion to exclude it at trial and for the purposes of the "balancing" required by *Rule 403*. See *United States v. Cook,* 609 F.2d 1174 (9th Cir. 1985).

8.   **RULE 609 EVIDENCE**.  Defendant requests that the government produce all evidence of prior convictions of the defendant that the government intends to introduce at trial, for impeachment purposes, in the event the defendant testifies. Pretrial production of such convictions is necessary in order that the defendant may determine whether such convictions are admissible under *Rules 403 and 609*.  The defendant further requests that the government supply the defendant with the notice required by *Rule 609(b)* relative to convictions in excess of 10 years old which the government intends to use for impeachment at trial.

9.  **PRESERVATION OF AGENTS' ROUGH NOTES.**  Defendant requests an order that the rough notes of agents be ordered preserved at this time so that appropriate motions may be brought in the future of their production. *United States v. Harris,* 543 F.2d 1247 (9th Cir. 1976).

10. **TIMETABLE FOR DISCLOSURE OF *JENCKS* MATERIAL.** Defendant requests that the court establish a timetable for disclosure of *Jencks* material pre-trial to avoid unnecessary delay during the trial for investigation and in order that counsel may prepare for cross-examination.

11. **CONFIDENTIAL INFORMANT DISCLOSURE.**  Defendant requests disclosure of confidential informants who were involved in the offense (*Sorrentino v. United States*, 163 F.2d 627 (9th Cir. 1947; *Williams  v. United States*, 374 F.2d 821 (9th Cir. 1968), *McLawhorn v. State of North Carolina,* 484 F.2d 1 (4th Cir. 1973), where the informant was a witness to the offense (*Gilmore v. United States*, 256 F.2d 565 (5th Cir. 1958), where there disclosure of the informant is relevant and helpful to the defense (*Rovario v. United States*, 353 U.S. 53 (1957), *United States v. Lloyd*, 400 F.2d 414 (6th Cir. 1968).

12. **C0-CONSPIRATOR STATEMENTS**.  Defendant requests disclosure of co-conspirator statements which the government intends to introduce at trial since such statements will be attributed to defendant under *Rule of Evidence 801(d)(2)(E).*

Such statements may be exculpatory and discoverable under *Brady*, infra.

It appears that numerous persons were involved in the alleged offense(s).  Such persons are therefore co-conspirators but in this case the government has elected to charge them separately.

The Statement of Facts in support of the complaint filed in 08mj8001/08cr270-H against Daniel FIGUEROA-Moreno, Ricardo FIGUEROA-Moreno and Maria Eufelia CORONA-Cordova states that Ricardo FIGUEROA and Maria CORONA were arrested the a residence where the 3,833.79 pounds of marijuana was found, that they knew about the marijuana.  A pair of women's underwear was located underneath one of the bundles of marijuana.  CORONA said that she and Richard FIGUEROA were instructed to let two other persons into the residence when they arrived.

The Statement of Facts in support of the complaint filed in 08mj8018/08cr358-WQH against Horaldo FLORES states that the agents discovered 25 bundles of marijuana in the room containing the personal property of FLORES.

The Statement of Facts in support of the compliant filed in 08mj8012/08cr0304-W it is stated that 25 bundles of marijuana were found in the bedroom containing the personal property of Adolfo Jonathan TORRES.

It is requested that the court order the government to produce the following documents:

    a.    All discovery in the each of the above cited cases;

    b.    All Presentence reports in each of the above cited cases;

    c.    All *Brady* material in connection with the above cited cases;

    d.    Statements of all defendants in the above cited cases.

    13.   **CO-DEFENDANT'S STATEMENTS**. Defendant requests disclosure of statements of co-defendants as such statements may exculpate the defendant and should therefore be disclosed under *Brady*, infra. In addition, disclosure is necessary so that defendant can examine said statements to determine, pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), whether the statements implicate the defendant and should be redacted or whether severance should be sought.

    Defendant requests production of the documents referred to in paragraph 12 above.

    14.   **GOVERNMENT AGREEMENTS WITH WITNESSES**. Defendant requests disclosure of all agreements between the government and prosecution witnesses which may tend to show bias or motive not to tell the truth.

    15.   **BRADY AND GIGLIO MATERIAL**. Pursuant to *Brady v. Maryland*, 373 U.S. 383 (1963), *United States v. Agurs*, 42 U.S.

97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972), defendant requests that the court order the government to disclose all evidence in its possession favorable to him on the issue of guilt, or evidence which tends to effect the credibility of the prosecution's case

16. **GOVERNMENT REVIEW OF LAW ENFORCEMENT PERSONNEL FILES.**

The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informant who may be involved in this case.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  See *U.S. v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992).

Dated:  March 17, 2008

                                       Respectfully submitted,

                                       FRANK M. MURPHY, III
                                       Attorney for Defendant
                                       E-mail:  fmlaw@san.rr.com